**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X   **Docket No.**

MARK TURLEY

                      *Plaintiff*,

       -against-                                   **COMPLAINT**

CLEANY CORPORATION & EMPLOYEE JANE DOE, *In her individual and Official Capacities*,

                      **JURY TRIAL**
                      **DEMANDED**

                      *Defendants*

------------------------------------------------------------X

PLAINTIFF MARK TURLEY, by PLAINTIFF'S attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the DEFENDANTS, upon information and belief, as follows:

**NATURE OF THE CASE**

1. PLAINTIFF MARK TURLEY complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, *42 U.S.C.* §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and the <u>New York State Human Rights Law</u>, <u>New York State Executive Law</u> §296, <u>et. seq.</u> ("NYSHRL"), and the New York Human Rights Law, §§ 8-107 *et seq.* ("NYCHRL") and seeks damages to redress the injuries PLAINTIFF has suffered because of being **<u>discriminated against</u>** based on PLAINTIFF'S **sex/gender.**

2. PLAINTIFF MARK TURLEY was discriminated against, on the basis of his sex/gender, when he applied for and attempted to gain employment with DEFENDANT CLEANY CORPORATION, as a "Professional Cleaner."

3. On or about November 20th, 2022, PLAINTIFF applied for an open and available position of "Cleaner" at DEFENDANT CLEANY CORPORATION.

4. On or about November 21ˢᵗ, 2022, PLAINTIFF called DEFENDANT CLEANY to inquire about the job opening.

5. At that time, DEFENDANT EMPLOYEE JANE DOE, an employee of DEFENDANT CLEANY, answered the phone and told PLAINTIFF that DEFENDANT CLEANY did not have a position for him because DEFENDANT CLEANY was *"only looking to hire female applicants at this time."*

6. That same day, PLAINTIFF messaged DEFENDANT CLEANY through DEFENDANT CLEANY'S chat app on their website, and asked, "*Is it true that your company only wants women for employment at this time?*"

7. DEFENDANT CLEANY did not respond to PLAINTIFF that day.

8. On or about November 22, 2022, DEFENDANT CLEANY replied to PLAINTIFF, stating, *"at this time yes. thank you[.]"*

9. Here, CLEANY confirmed that they did not consider PLAINTIFF'S application for employment, and would not hire PLAINTIFF, because he is male.

10. On December 1, 2022, PLAINTIFF received a message, *via* the Indeed app, regarding his job application to DEFENDANT CLEANY which stated that PLAINTIFF was *"Not selected by employer."*

11. Twice over, PLAINTIFF was told that DEFENDANT CLEANY would not consider his application for employment because he is male.

12. PLAINTIFF brings this action charging that CLEANY CORPORATION and EMPLOYEE JANE DOE subjected PLAINTIFF to discrimination, including failure/refusal to hire, based on PLAINTIFF'S sex/gender in violation of federal, state and city laws.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

13. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§1331 and 1343.

14. The Court has supplemental jurisdiction over the claims that PLAINTIFF has brought under State and City law pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more DEFENDANTS reside within the Southern District of New York or the acts complained of occurred therein.

16. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 13, 2023, (b) receiving a Notice of Right to Sue from the EEOC on or about September 15, 2023, PLAINTIFF has satisfied all of the procedural prerequisites for the commencement of the instant action.

17. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

18. **PLAINTIFF MARK TURLEY (hereinafter "PLAINTIFF")** is a sixty-three-year-old male, residing in New York, New York.

19. **DEFENDANT CLEANY CORPORATION (hereinafter, "DEFENDANT CLEANY")** is a Foreign Business Corporation that operates under the laws of the State of New York. Upon information and belief, **DEFENDANT CLEANY** operates a cleaning service business in New York, New Jersey and Miami and has more than 15 employees. DEFENDANT CLEANY's New York headquarters is located at 5 West 37th Street, New York, New York 10018.

20. **DEFENDANT EMPLOYEE JANE DOE (hereinafter, "DEFENDANT JANE DOE")** is an employee of DEFENDANT CLEANY, who upon information and belief works at

3

DEFENDANT CLEANY's headquarters located at, 5 West 37th Street, New York, New York 10018, and had the authority and ability to affect the terms and conditions of PLAINTIFF'S application for employment.

## FACTUAL ALLEGATIONS

21. PLAINTIFF is a sixty-three-year-old male.

22. On or about November 20th, 2022, PLAINTIFF applied for the position of "Cleaner" at DEFENDANT CLEANY, via Indeed, an online employment search website.

23. PLAINTIFF is qualified for this position.

24. The job posting indicated that DEFENDANT CLEANY was seeking to hire three candidates as Cleaners. The hourly range offered was $25-$35 per hour with additional tips and incentive bonuses.

25. On or about November 20th, 2022, PLAINTIFF messaged DEFENDANT CLEANY through the chat feature on DEFENDANT CLEANY'S website to follow up on his recent application and to reaffirm his interest in the position.

26. DEFENDANT CLEANY replied that day, stating, "***Thank you for your proposal and interest in our company. We'll keep you in mind in the future. Best of luck!***"

27. At this time, PLAINTIFF was under the impression that DEFENDANT CLEANY was considering his application for employment.

28. On or about November 21, 2022, PLAINTIFF called DEFENDANT CLEANY to further inquire about the position and job placement.

29. PLAINTIFF spoke to DEFENDANT EMPLOYEE JANE DOE, a female employee at DEFENDANT CLEANY, who answered the phone and told PLAINTIFF that DEFENDANT CLEANY ***"was only hiring women for the position"*** of Cleaner.

30. Here, DEFENDANT JANE DOE informed PLAINTIFF that DEFENDANT CLEANY

4

would not consider PLAINTIFF for a position because PLAINTIFF is male.

31. Once DEFENDANT JANE DOE relayed this information to PLAINTIFF, the phone conversation ended.

32. During this brief conversation, DEFENDANT JANE DOE did not ask PLAINTIFF any questions about PLAINTIFF's qualifications.

33. DEFENDANT JANE DOE did not ask where PLAINTIFF had submitted his application.

34. DEFENDANT JANE DOE did not review PLAINTIFF'S application.

35. In short, DEFENDANT JANE DOE did not consider PLAINTIFF's application for employment at DEFENDANT CLEANY because PLAINTIFF is male.

36. Upon information and belief, JANE DOE was following the wishes of her Principal, DEFENDANT CLEANY by rejecting the applications of male candidates, including PLAINTIFF.

37. PLAINTIFF was shocked and confused to hear that DEFENDANT CLEANY would not even *consider* his application because of his sex/gender.

38. Despite this rejection, PLAINTIFF hoped that he had been somehow misinformed by DEFENDANT JANE DOE and could still be under consideration for the available position at DEFENDANT CLEANY.

39. PLAINTIFF remained eager, willing, and ready to work as a "Cleaner" for DEFENDANT CLEANLY.

40. On or about November 21, 2022, PLAINTIFF again reached out to DEFENDANT CLEANY, via the chat feature on DEFENDANT CLEANLY'S website.

41. PLAINTIFF messaged DEFENDANT CLEANY asking, *"Is it true that your company only wants women for employment at this time?"*

42. DEFENDANT CLEANY did not respond to PLAINTIFF that day.

43. On or about, November 22, 2022, DEFENDANT CLEANY answered PLAINTIFF's question stating, *"[A]t this time yes. thank you"*.

44. PLAINTIFF maintains evidence of this communication from CLEANY.

45. Here, DEFENDANT CLEANY admitted, unequivocally, that they were not interested in considering PLAINTIFF, nor any other male, and/or male presenting, applicants for the position of Cleaner.

46. PLAINTIFF was stunned to hear DEFENDANT CLEANY brazenly admit they were discriminating against male and/or male presenting applicants.

47. PLAINTIFF had been so excited about the opportunity to work as a Cleaner for DEFENDANT CLEANY but when he learned he would not even be considered for employment solely because of his sex/gender, PLAINTIFF was humiliated.

48. On or about December 1, 2022, PLAINTIFF received a message from CLEANY, through the Indeed website, stating that DEFENDANT CLEANY did not select PLAINTIFF for the available cleaner position(s).

49. DEFENDANT CLEANY did not even *attempt* to deny to PLAINTIFF that they were openly discriminating against him and/or all male applicants.

50. DEFENDANT CLEANY made clear that they were only going to consider women for the position posted.

51. DEFENDANT CLEANY had no good faith business justification for passing-over PLAINTIFF and not providing PLAINTIFF with an opportunity to interview for the position.

52. DEFENDANT CLEANY'S job posting did not state that they were only looking to hire female cleaners because DEFENDANT CLEANY knew and/or should have known that excluding applicants on basis of sex/gender is an unlawful, discriminatory hiring practice.

53. DEFENDANT CLEANY's job posting indicated that they were looking to hire **three** people as Cleaners, and yet DEFENDANT CLEANY was not willing to consider PLAINTIFF for even *one* of those positions because of his sex/gender.

54. DEFENDANT JANE DOE was never trained, instructed, or counseled by her employer, DEFENDANT CLEANY, regarding discrimination in the employment/hiring context and/or in the hiring process.

55. DEFENDANT CLEANY instructed and/or allowed DEFENDANT JANE DOE to engage in discriminatory practices regarding hiring individuals for employment at DEFENDANT CLEANY.

56. As a result, DEFENDANT JANE DOE was allowed and authorized to run afoul of the laws against discrimination in the employment process – to the detriment of PLAINTIFF.

57. DEFENDANT CLEANY reaffirmed their commitment to discriminating against male, and/or male presenting applicants, when they denied PLAINTIFF consideration for employment and maintained- in writing- that they were only interested in hiring women for the position.

58. PLAINTIFF was denied equal: benefits, terms/conditions of interview, treatment, and opportunities for employment at DEFENDANT CLEANY due to PLAINTIFF'S sex/gender.

59. As a result of DEFENDANT CLEANY and DEFENDANT JANE DOE'S actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and caused emotional distress.

60. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, the loss of a salary, loss of employment and employment opportunities, loss of potential employment, loss of bonus, loss of benefits, loss of time and other compensation

which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, special damages, prolonged unemployment, humiliation, stress, anxiety, loss of enjoyment of life, and other non-pecuniary losses.

61. DEFENDANT CLEANY and DEFENDANT JANE DOE's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

62. As such, PLAINTIFF demands punitive damages as against DEFENDANT CLEANY and DEFENDANT JANE DOE, jointly and severally.

### AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII
#### (*Against DEFENDANT CLEANY*)

63. PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named DEFENDANT CLEANY. PLAINTIFF complains of DEFENDANT CLEANY'S violation of Title VII's prohibition against discrimination in hiring and employment-based, in whole or in part, upon an employee's sex/gender.

65. DEFENDANT CLEANY engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e et seq., by discriminating against PLAINTIFF because of PLAINTIFF'S perceived sex/gender.

66. PLAINTIFF was the victim of outright discrimination and other unlawful acts by DEFENDANT CLEANY and its employee DEFENDANT JANE DOE, based on PLAINTIFF'S sex/gender.

67. PLAINTIFF belongs to a protected class (male).

68. PLAINTIFF was refused employment on the basis of his sex/gender.

69. PLAINTIFF was qualified for this position. Moreover, PLAINTIFF showed a keen interest in this position by contacting DEFENDANT CLEANY in multiple way at multiple times.

70. But for the fact that PLAINTIFF is male, DEFENDANT CLEANY would have moved forward with PLAINTIFF'S interview and/or employment.

71. DEFENDANT CLEANY' conduct herein was motivated, in whole or in part, on PLAINTIFF'S sex/gender.

72. DEFENDANT CLEANY had no good faith business justification for any of their actions alleged herein.

73. As a result of DEFENDANT CLEANY's actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

74. Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary, special damages, loss of benefits, inconvenience, prolonged unemployment, and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, special damages, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

75. DEFENDANT CLEANY's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

76. PLAINTIFF is entitled to the maximum amount allowable under this law.

### AS A *SECOND* CAUSE OF ACTION FOR *DISCRIMINATION* UNDER NEW YORK STATE EXECUTIVE LAW
(*Against DEFENDANT CLEANY*)

77. PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78. <u>New York State Executive Law</u> §296 (1) provides that:

    It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, **gender identity or expression**, military status, **sex**, disability, **predisposing genetic characteristics,** familial status, marital status, or status as a victim of domestic violence, **to refuse to hire or employ** or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

79. PLAINTIFF was the victim of discrimination and other acts by DEFENDANT CLEANY, based on PLAINTIFF'S sex/gender.

80. PLAINTIFF was the victim of outright discrimination and other unlawful acts by DEFENDANT CLEANY, based on PLAINTIFF'S sex/gender.

81. PLAINTIFF belongs to a protected class (Male).

82. PLAINTIFF was qualified for this position.

83. But for the fact that PLAINTIFF is male, DEFENDANT CLEANY would have moved forward with PLAINTIFF'S interview and/or employment.

84. DEFENDANT CLEANY had no good faith business justification for any of their actions alleged herein.

85. As a result of DEFENDANT CLEANY's actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

86. Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary, special damages, loss of benefits, inconvenience, prolonged unemployment, and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, special damages, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

87. DEFENDANT CLEANY's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

88. PLAINTIFF is entitled to the maximum amount allowable under this law.

**AS A *THIRD* CAUSE OF ACTION FOR *DISCRIMINATION*
UNDER NEW YORK STATE EXECUTIVE LAW - *AIDER AND ABETTOR LIABILITY***
*(As and Against Individual Defendant JANE DOE)*

89. PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to **aid, abet**, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

91. INDIVIDUAL DEFENDANT JANE DOE engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct of their employer, DEFENDANT CLEANY.

92. INDIVIDUAL DEFENDANT INDIVIDUAL DEFENDANT JANE DOE is liable for aiding and abetting DEFENDANT CLEANY in the discrimination faced by PLAINTIFF.

93. INDIVIDUAL DEFENDANT JANE DOE was personally involved in the discriminatory actions against PLAINTIFF.

94. INDIVIDUAL DEFENDANT JANE DOE, who was the employee of DEFENDANT CLEANY utilized their power, position, status, and authority to subject PLAINTIFF to discriminatory hiring practices.

95. DEFENDANT JANE DOE'S actions herein were motivated, in whole or in part, on PLAINTIFF'S Sex/gender.

96. DEFENDANT CLEANY is strictly liable for the conduct of its employees, including

INDIVIDUAL DEFENDANT JANE DOE.

97. Because of COLLECTIVE DEFENDANTS actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

98. Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary, special damages, loss of benefits, inconvenience, prolonged unemployment, and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, special damages, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

99. COLLECTIVE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

100. PLAINTIFF is entitled to the maximum amount allowable under this law.

## AS A *FOURTH* CAUSE OF ACTION FOR *DISCRIMINATION* <u>VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW</u>

101. PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

102. The *New York City Administrative Code* § 8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived . . . **gender** . . . **to refuse to hire or employ** or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

103. COLLECTIVE DEFENDANTS engaged in unlawful discriminatory practice in violation of *New York City Administrative Code* § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against PLAINTIFF because of his sex/gender.

104. PLAINTIFF was subjected to discrimination by COLLECTIVE DEFENDANTS.

105. PLAINTIFF was the victim of outright discrimination and other unlawful acts by COLLECTIVE DEFENDANTS, based on PLAINTIFF'S sex/gender.

106. PLAINTIFF belongs to a protected class (Male).

107. PLAINTIFF was qualified for this position.

108. But for the fact that PLAINTIFF is Male, DEFENDANT CLEANY would have moved forward with PLAINTIFF'S interview and/or employment.

109. PLAINTIFF was treated less well than the non-male applicants who interviewed and/or were hired for the position.

110. PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

111. Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary, special damages, loss of benefits, inconvenience, prolonged unemployment, and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, special damages, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

112. COLLECTIVE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

113. PLAINTIFF is entitled to the maximum amount of damages allowed under this statute.

### AS A *FIFTH* CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL – AIDER AND ABETTTOR LIABILITY
*(As and Against Individual DEFENDANT JANE DOE)*

114. PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

115. The *New York City Administrative Code* § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to **aid, abet**, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

116. COLLECTIVE DEFENDANTS engaged in an unlawful discriminatory practice in violation of *New York City Administrative Code* § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

117. PLAINTIFF was subjected to acts of unlawful discrimination by INDIVIDUAL DEFENDANT JANE DOE.

118. PLAINTIFF was subjected to discrimination by COLLECTIVE DEFENDANTS.

119. INDIVIDUAL DEFENDANT JANE DOE is liable for aiding and abetting DEFENDANT CLEANY in the discrimination faced by PLAINTIFF.

120. INDIVIDUAL DEFENDANT JANE DOE was personally involved in the discriminatory actions against PLAINTIFF.

121. INDIVIDUAL DEFENDANT JANE DOE, who was the employee of DEFENDANT CLEANY, is responsible for hiring and utilized their power, position, status, and authority to subject PLAINTIFF to discriminatory hiring practices.

122. INDIVIDUAL DEFENDANT JANE DOE's conduct was motivated, in whole or in part, by PLAINTIFF'S sex/gender.

123. COLLECTIVE DEFENDANTS had no good faith justification for their actions against PLAINTIFF.

124. PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

125. DEFENDANT CLEANY is strictly liable for the conduct of its employees, including INDIVIDUAL DEFENDANT JANE DOE.

126. Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary, special damages, loss of benefits, inconvenience, prolonged unemployment, and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, special damages, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

127. COLLECTIVE DEFENDANTS' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

128. PLAINTIFF is entitled to the maximum amount of damages allowed under this statute.

### PUNITIVE DAMAGES ARE APPROPRIATE

129. PUNITIVE damages are appropriate against DEFENDANT CLEANY AND DEFENDANT JANE DOE (individually and collectively) because their actions were willful, malicious, and committed with reckless disregard for the rights of PLAINTIFF.

### JURY DEMAND

130. PLAINTIFF requests a jury trial on all issues to be tried.

**WHEREFORE**, PLAINTIFF respectfully requests a judgment against COLLECTIVE DEFENDANTS:

A. Declaring that COLLECTIVE DEFENDANTS engaged in unlawful employment practices prohibited by Title VII, NYSHRL and the NYCHRL, in that COLLECTIVE DEFENDANTS discriminated against PLAINTIFF on the basis of his sex/gender;

B. Awarding damages to PLAINTIFF for all lost wages and benefits resulting from COLLECTIVE DEFENDANTS' unlawful discrimination and to otherwise make PLAINTIFF whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding PLAINTIFF compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to PLAINTIFF'S reputation in an amount to be proven;

D.  Awarding PLAINTIFF punitive damages against COLLECTIVE DEFENDANTS;

E.  Awarding PLAINTIFF attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.  Awarding PLAINTIFF such other and further relief as the Court may deem equitable, just and proper to remedy DEFENDANT CLEANY's unlawful employment practices.

Dated: New York, New York
       October 19, 2023

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By: _____

Gregory Calliste, Jr., Esq.
Alexandria Jean-Pierre, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248 - 7431
F: (212) 901 - 2107
gcalliste@tpglaws.com
ajean-pierre@tpglaws.com